## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| GUS BESTER JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16 C 9629 |
| ) | |
| ROB CARLSON, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

Pro se prisoner plaintiff Gus Bester Jr. ("Bester") has utilized the Clerk's-Office-supplied form of "Complaint Under the Civil Rights Act, Title 42 Section 1983"[1] ("Complaint") to sue three defendants in connection with the handling of a state criminal case, asserting that he was improperly convicted and sentenced on a charge that stemmed from a claimed revocation of probation -- his Complaint ¶ IV Statement of Claim alleges that the conviction was reversed by the Illinois Appellate Court "due to the fact that I was not up for a Petition to revoke my probation in case 10 CF 587." Because Bester had served 15 or 16 months on that ultimately reversed conviction, the Statement of Claim goes on to state:

> I would like to file a claim of legal malpractice / and negligence against Rob Carlson who is a licensed attorney who represented me on this case.
>
> I would like to bring a claim of negligence against Robbin Stuckert the judge who presided over the proceedings and sentencing.

---

[1] Citations to that statute will simply take the form "Section 1983," omitting the prefatory "42 U.S.C. §."

I would also like to bring forth a claim of negligence against the prosecutor / states attorney who filed a Pettition [sic] to Revoke Probation "Jessica Finley."

To comply with our Court of Appeals' directive in such prisoner lawsuits, this Court must first address the Application. That requires it to make the determination called for by 28 U.S.C. § 1915 ("Section 1915"), for which purpose the date of the Complaint's "filing" is determined in terms of the "mailbox rule" articulated in Houston v. Lack, 487 U.S. 266 (1988). In this instance that "filing" date is October 4 or 5.

This Court has calculated the average monthly deposits to Bester's account during the entire six-month period ending October 4 or 5, 2016 (see Section 1915(b)(1)(A)) as having amounted to $65.83, 20% of which (id.) comes to $13.17. Accordingly (1) the Application [Dkt. No. 3] is granted in Section 1915(b) terms, (2) Bester is assessed an initial filing fee of $13.17 and (3) the trust fund officer at the Kane County Jail, which Complaint ¶ I.D. identifies as Bester's "place of present confinement," is ordered to collect that amount from Bester's trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention: Fiscal Department.

After such payment the trust fund officer at the Kane County Jail (or at any other correctional facility where Bester may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify Bester's name

and the 16 C 9629 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the Kane County Jail trust fund officer.

To turn to Bester's claims, each of them fails as a matter of law, although each calls for a separate -- though brief -- analysis. Bester's three targeted defendants will be dealt with here in the order in which he names them in the Complaint.

As for attorney Rob Carlson, identified in Complaint ¶ II.A. as a public defender, the United States Supreme Court held 35 years ago in Polk County v. Dodson, 454 U.S. 312 (1981) that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. That being so, Carlson cannot be sued for legal malpractice or negligence under Section 1983.

Next as to Jessica Finley, who is identified as the prosecutor in the criminal case that forms the gravamen of Bester's lawsuit, an even older decision of the United States Supreme Court (Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)) and a host of cases since then have consistently held prosecutors to be absolutely immune from damages liability for their advocatory conduct related to criminal proceedings because those activities are "intimately associated with the judicial phase of the criminal process." So Assistant State's Attorney Finley also cannot be sued for her asserted negligence under Section 1983.

Finally and most fundamentally, Judge Stuckert is also absolutely immune from liability for damages under Section 1983, a principle established even earlier in Pierson v. Ray, 386 U.S. 547 (1967), (a case that harked back to a non-Section 1983 decision of almost a century earlier, Bradley v. Fisher, 80 U.S. 335 (1871)). So Bester has sustained a third swinging strike as to that judicial defendant as well.

Accordingly both the Complaint and this action are dismissed with prejudice. That, however, does not alter Bester's continuing responsibility for the earlier-discussed installment payment of the $350 filing fee, which remains in force.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 13, 2016