# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GUS BESTER JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16 C 9629 |
| | ) |
| ROBBIN STUCKERT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This Court's October 13, 2016 Memorandum Opinion and Order (the "Opinion") explained in detail why the pro se Complaint brought by Gus Bester, Jr. ("Bester"), in which he charged legal malpractice and negligence on the part of a number of defendants in connection with the handling of a state criminal case against him, was fatally defective for a number of reasons -- all stemming from legal immunity on the part of each of the three defendants. As a result the Opinion concluded with this paragraph:

> Accordingly, both the Complaint and this action are dismissed with prejudice. That, however, does not alter Bester's continuing responsibility for the earlier-discussed installment payment of the $350 filing fee, which remains in force.

It is painfully apparent that although Bester can write (his new filing described hereafter occupies 20 pages plus 14 pages of exhibits), he is apparently incapable of reading and understanding a message delivered to him in plain English.

To begin with, the dismissal of this action <u>with prejudice</u> means that he has no right to tender a new version of the same type of claim except by filing a new lawsuit (which could well

be subject to dismissal on grounds of claim preclusion -- or under the older label of "res judicata"). Moreover, what he has advanced is plainly subject to dismissal under the screening called for by 28 U.S.C. §1915A(a), for that screening reveals that his new filing is "frivolous, malicious, [and] fails to state a claim on which relief maybe granted" (28 U.S.C. § 1915A(b)). This Court is authorized to order dismissal on that ground alone, and it does so.

Moreover, Bester's current filing targets not only state court Judge Robbin Stuckert and Bester's earlier public defender Rob Carlson, who were two of the three defendants named in his original Complaint and each of whom is immune from suit for reasons explained in the Opinion, but has also sought to add DeKalb County State's Attorney Richard Schmack, a different Assistant State's Attorney (Phillip Montgomery), head DeKalb County Public Defender Regina Harris, DeKalb County itself and -- believe it or not -- the State of Illinois (which is insulated from suit by the Eleventh Amendment). So his ill-thought-through revision is also fatally defective, and for more than one reason.

Bester's conduct here is nothing short of appalling. This Court might well consider treating it as a new lawsuit (for that's what it is) that requires the assignment of a different case number, in which event Bester would be liable for a second $350 filing fee, also payable in installments in the same manner described in the Opinion as to his original complaint. Although this Court will not do so, Bester is warned that any further efforts on his part may be met with a

substantial fine, and the Clerk's Office is instructed to refer any further filings by Bester to this Court for appropriate screening (again see 28 U.S.C. § 1915A(a)) <u>before</u> docketing.

                                              _____
                                              Milton I. Shadur
Date: November 22, 2016                Senior United States District Judge